1

2

3

4

5

6

7

8

9

10              UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12

13   GASPAR PHYSICAL                          Case No.:  17-cv-2051-WQH-JLB
     THERAPY, INC., a California
14   Professional Corporation; and            **ORDER**
15   BRIAN STONE, an individual,

16                            Plaintiffs,

17   v.

18   DAVID W. "DAVE" ROBERTS,
     an individual; RE-ELECT
19   SUPERVISOR DAVE ROBERTS
20   2016, a corporation or other form
     of entity; and DOES 1-20,
21   inclusive,

22                            Defendants.

23

24   HAYES, Judge:

25        The matter before the Court is the Application to Stay Defendant's Motion to Strike

26   and Allow Plaintiffs to Conduct Discovery (ECF No. 12) filed by Plaintiffs Gaspar

27   Physical Therapy, Inc. and Brian Stone.

28

1

## I.     Background

On October 5, 2017, Plaintiffs Gaspar Physical Therapy, Inc. and Brian Stone filed the Complaint (ECF No. 1) against Defendants David W. Roberts and Re-Elect Supervisor Dave Roberts 2016.

On November 13, 2017, Defendant Roberts filed a Motion to Strike All Causes of Action Pursuant to California Code of Civil Procedure Section 425.16 (Anti-SLAPP[1] Statute) with a December 18, 2017 hearing date (the "Anti-SLAPP Motion").  (ECF No. 6). The Anti-SLAPP Motion is based on a Memorandum of Points and Authorities (ECF No. 6-1), two Declarations (ECF Nos. 6-2 and 6-3), and seven Exhibits (ECF Nos. 6-5 through 6-11).

On November 22, 2017, Plaintiffs filed an Application to Stay Defendant's Motion to Strike and Allow Plaintiffs to Conduct Discovery (the "Motion for Discovery") (ECF No. 12).  Plaintiffs seek to conduct discovery on fourteen issues by propounding requests for productions, interrogatories, and conducting seven depositions.  *Id.* at 3–5.  On November 28, 2017, the Court issued an Order (ECF No. 14) vacating the December 18, 2017 hearing date for the Anti-SLAPP Motion and setting a briefing schedule for the Motion for Discovery.  On December 15, 2017, Roberts filed a Response to the Motion for Discovery.  (ECF No. 15).[2]  On January 4, 2018, Plaintiffs filed a Reply in support of the Motion for Discovery.  (ECF No. 26).

## II.     Discussion

California's Anti-SLAPP Statute applies to "cause[s] of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue."  Cal. Civ. Proc. Code § 425.16(b)(1).  The Anti-SLAPP Statute gives

---

[1] SLAPP is an acronym for "Strategic Lawsuit Against Public Participation." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010).

[2] Roberts has also filed a Second Response to the Motion for Discovery addressing six Exhibits to the Motion for Discovery that Plaintiff filed after December 15, 2017.  (ECF No. 21).

17-cv-2051-WQH-JLB

defendants faced with such causes of action the option to file "a special motion to strike," *id.*, commonly referred to as an "anti-SLAPP motion," *see, e.g., Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 838 (9th Cir. 2001). A court should grant an anti-SLAPP motion seeking to strike a cause of action that falls within the scope of § 425.16(b)(1) "unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1). "In making [that] determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." *Id.* § 425.16(b)(2). Under the terms of Cal. Civ. Proc. Code § 425.16(g), the filing of an anti-SLAPP motion stays all discovery proceedings in the action until the court enters an order ruling on the anti-SLAPP motion.

In *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846–47 (9th Cir. 2001), the Ninth Circuit Court of Appeals held that the discovery stay required by Cal. Civ. Proc. Code § 425.16(g) does not apply in federal court. The Court of Appeals found that § 425.16(g) "directly collides" with Fed. R. Civ. P. 56(f), which requires discovery "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife*, 264 F.3d at 846 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). The Court of Appeals ordered the district court to allow discovery as to information that it found "[was] in the defendants' exclusive control," and "may [have] be[en] highly probative" of the falsity of the statements in question (an element for which the *Metabolife* plaintiff had the burden of production in order to survive the *Metabolife* defendant's anti-SLAPP motion). *Id.* at 847; *see also id.* at 850 ("The district court's decision not to allow Metabolife discovery on falsity issues . . . is REVERSED because Metabolife identified and requested discovery of probative information solely available from the defendants.").

The Anti-SLAPP Motion (ECF No. 6) is not "founded on purely legal arguments" considering it was filed with two declarations (ECF Nos. 6-2 and 6-3), and seven Exhibits (ECF Nos. 6-5 through 6-11). *Z.F. v. Ripon Unified Sch. Dist.*, 482 F. App'x 239, 240 (9th

Cir. 2012). Consequently, the Anti-SLAPP Motion "must be treated as though it were a motion for summary judgment and discovery must be permitted." *Id.* Plaintiffs request discovery on fourteen issues. (ECF No. 12). Under *Metabolife*, Plaintiffs' requests for discovery should be granted only if they seek information that (1) is in the Defendants' exclusive control and (2) may be highly probative of issues on which Plaintiffs must produce evidence in order to defeat the Anti-SLAPP Motion. 477 U.S. at 850.

**III. Conclusion**

The Court HEREBY:

1. GRANTS Plaintiffs' request to stay the Anti-SLAPP motion. *See* ECF No. 12.

2. REFERS Plaintiffs' requests for discovery, *see* ECF No. 12, to the United States Magistrate Judge.

Dated: February 9, 2018

Hon. William Q. Hayes
United States District Court

17-cv-2051-WQH-JLB