# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gaspar Physical Therapy, Inc., et al.,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>David W. "Dave" Roberts, et al.<br>　　　　　　　　　　　　　Defendants. | Case No.: 17-cv-02051-WQH-JLB<br><br>**ORDER**<br><br>[ECF No. 48] |

Having reviewed the papers before the Court, including Plaintiffs' Motion seeking leave to conduct additional discovery for purposes of opposing Defendants' Anti-SLAPP motion (ECF No. 48), and Defendants' opposition thereto (ECF No. 50), the Court DENIES Plaintiffs' motion.[1]

Plaintiffs' motion is essentially a motion for reconsideration of the February 9, 2018 order issued by District Judge William Q. Hayes. In that order, Judge Hayes held that "discovery must be permitted," but "only if the[] [requests for discovery] seek information that (1) is in the Defendants' exclusive control and (2) may be highly probative of issues on which Plaintiffs must produce evidence in order to defeat the Anti-SLAPP Motion." (ECF No. 27.) That order defined the bounds of the Anti-SLAPP-related discovery granted in this case. Plaintiffs could have moved for reconsideration of that order. They did not.

This Court held a discovery conference on May 14, 2018 to discuss the same discovery disputes that are at issue in Plaintiffs' Motion. (ECF No. 44.) In setting the briefing schedule for Plaintiffs' Motion, this Court advised Plaintiffs to put in their moving

---

[1] In so ruling, the parties should move forward with the agreed upon discovery, including the timely deposition of Dave Roberts and the subpoena/deposition of Pacific Printing.

1

papers how the disputed discovery conforms to the previous Orders in this case. Plaintiffs did not.

This Court finds that the discovery sought is outside the scope of the February 9, 2018 order issued by Judge Hayes. Plaintiffs emphasize that allowable discovery includes discovery that is in the exclusive control of two defendants: Dave Roberts, and individual, and RE-ELECT SUPERVISOR DAVE ROBERTS, a corporation or other form of entity. (ECF No. 48-1 at 9.) Yet, Plaintiffs do not demonstrate how the additional discovery they seek is within either defendant's exclusive control. Further, based on the current record, the Court is not persuaded that there are significant issues of spoliation that warrant an expansion of Judge Hayes' order.

This Court concludes that the requested discovery is outside the scope of Judge Hayes' February 9, 2018 order. Plaintiffs' motion (ECF No. 48) is DENIED.

**IT IS SO ORDERED.**

Dated: June 13, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge