# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gaspar Physical Therapy, Inc., et al., | Case No.: 17-cv-02051-WQH-JLB |
| Plaintiff, | |
| v. | **ORDER** |
| David W. "Dave" Roberts, et al. | |
| Defendants. | [ECF No. 64] |

Having reviewed the papers before the Court, including Plaintiffs' motion seeking to compel Defendants to provide further responses and production of documents and for monetary sanctions (ECF No. 64), and Defendants' response in opposition thereto (ECF No. 65), the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion as follows:

**1. Requests for Production of Documents.** Plaintiffs move for an order compelling Defendants to request of third parties documents responsive to the first set of requests for production propounded on Defendants. The discovery at issue is Anti-SLAPP-related discovery.

On February 9, 2018, District Judge William Q. Hayes granted Plaintiffs leave to engage in Anti-SLAPP-related discovery, but "only if the[] [requests for discovery] seek information that (1) is in the Defendants' exclusive control and (2) may be highly probative of issues on which Plaintiffs must produce evidence in order to defeat the Anti-SLAPP Motion." (ECF No. 27.) The parties' only dispute is whether in light of Judge Hayes's

use of the word "exclusive," Defendants are obligated to request responsive documents from certain third parties in responding to the Anti-SLAPP-related discovery propounded by Plaintiffs.

In analyzing this dispute, the Court agrees with Defendants insofar as they argue Judge Hayes's order must be read in conjunction with *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001). However, Defendants read *Metabolife* too narrowly. The Ninth Circuit in *Metabolife* recognized that a court should not, in the context of ruling on an anti-SLAPP motion, "'scrutinize Plaintiff's evidence of facts uniquely within Defendants' control'" without allowing the plaintiff to conduct any discovery. *Id.* at 846. In *Metabolife*, there were facts regarding falsity that were "in the defendants' exclusive control" which could be "highly probative." (*Id.* at 846-47.) The Ninth Circuit ruled: "The district court's decision not to allow Metabolife discovery of falsity issues . . . is REVERSED because Metabolife identified and requested discovery of probative information solely available from defendants." *Id.* at 850. The Court of Appeal ordered the district court to allow discovery of information that was "in the defendants' exclusive control." *Id.* at 847. Analyzing that language in the context of the concerns being addressed by the Court of Appeal, this Court does not find the choice of the phrase "*exclusive* control," as used by the Court in *Metabolife* and as used by Judge Hayes in his February 9, 2018 order, to be inconsistent with the standard ordinarily used to determine when materials are within a responding party's custody and control. Thus, contrary to Defendants' arguments here, it is consistent with *Metabolife* that Anti-SLAPP-related discovery can be considered to be in the defendants' exclusive control even if it happens to be in the possession of a third party, so long as defendants have the legal right to obtain those documents upon demand. Accordingly,

    a.    The motion as to Point Loma Strategic Research ("PLSR") and Gregory Scanlon of PLSR is DENIED as moot in light of Defendants' representation that they did request documents from this entity pursuant to the Consulting Agreement. (*See* ECF No. 65 at 7.)

2

17-cv-02051-WQH-JLB

b.      The motion as to Mission Control and Doug Greven of Mission Control is DENIED as Plaintiffs fail to sufficiently demonstrate Defendants' control over documents in Mission Control's and Doug Greven's possession. Indeed, the contractual agreement between Defendants and these third parties states that Defendants have no rights to Mission Control's documents. (*See* ECF Nos. 64-4 at 3-4; 65 at 5-6; 65-3 at 2-4.) The fact that Mission Control and/or Greven indicated a willingness to voluntarily provide information or documents to Defendants does not establish that Defendants have the legal right to obtain responsive documents on demand.

c.      The motion as to Johnathan Parker, Defendant Roberts' campaign manager, is GRANTED. The parties agree that the Confidentiality Policy and Agreement signed by Johnathan Parker on July 13, 2016 provided that "All email and Internet records are considered to be records of the Roberts for Supervisor Campaign." (ECF Nos. 64-1 at 4-5; 65 at 6.) And Defendants have not asserted a defense that Plaintiff already has all the information requested. Thus, Defendants have control of the discovery in Johnathan Parker's possession **and** they have exclusive control relative to Plaintiff. Therefore, Defendants are **ORDERED** to request **forthwith** from Johnathan Parker any and all documents that are both records of the Roberts for Supervisor campaign and responsive to the first set of requests for production.

**2. Verified Responses.** Plaintiffs request supplemental written, verified responses to discovery from Defendants. Plaintiffs' request is DENIED. The Court finds that Defendant Roberts verified his responses in accordance with Federal Rule of Civil Procedure 26(g) and applicable case law. *See*, *e.g.*, *Bryant v. Armstrong*, 285 F.R.D. 596, 609-10 (S.D. Cal. 2012).

**3. Costs and Attorney Fees.** Plaintiffs request an order directing Defendant Roberts to pay reasonable costs and attorney fees incurred by Plaintiffs in connection with this motion. Plaintiffs' request is DENIED as the Court finds Defendants' discovery

3

17-cv-02051-WQH-JLB

positions to be substantially justified under the unique facts of this case.  *See* Fed. R. Civ. P. 37(5)(A)(ii)("But the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified").

**IT IS SO ORDERED.**

Dated:  July 20, 2018

*[signature]*
Hon. Jill L. Burkhardt
United States Magistrate Judge

4

17-cv-02051-WQH-JLB